IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| Melanie Glasser, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>Hilton Grand Vacations Company, LLC<br><br>    Defendant. | Case No. 8:16-cv-00952-JDW-UAM |

**DEFENDANT HILTON GRAND VACATIONS COMPANY, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE AND/OR TO TRANSFER VENUE,
OR ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS**
(Oral Argument Requested Per Local Rule 3.01(j))

Pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406, and Rule 3.01 of this Court's Local Rules, Defendant Hilton Grand Vacations Company, LLC ("Defendant" or "Hilton"), respectfully moves the Court to dismiss this action for improper venue based on a forum selection clause in the parties' contract requiring any dispute between the parties to be adjudicated in federal or state court in the State of Virginia, and/or to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Virginia.  Alternatively, Hilton moves the Court to strike the class allegations pursuant to Federal Rule of Civil Procedure 12(f).  The requested relief is based on this Motion and all prior pleadings and proceedings in this action, as well as all matters of which the Court may take judicial notice.[1]  In support of this Motion, Hilton states as follows:

---

[1]  Concurrently with this Motion, Hilton is filing (i) a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss (D.E. 18), and (ii) a Notice of Filing Declaration of Cori Parnes in Support of Defendant's (1) Fed. R. Civ. P. 12(b)(1) Motion to Dismiss and (2) Motion to Dismiss for

**I.     INTRODUCTION**

Plaintiff Melanie Glasser ("Plaintiff")—who bring this lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA")—is a long-time member of Hilton's HHonors loyalty program and a frequent guest a Hilton brand properties.  When she enrolled in the HHonors Program, Plaintiff expressly consented to the forum selection and class action waiver clauses of the HHonors Terms and Conditions.  Hilton brings this Motion to enforce the parties' agreement.

**II.    FACTUAL BACKGROUND**

A thorough statement of the facts of this case is set forth in Hilton's concurrently filed Motion to Dismiss and is incorporated herein by reference. *See* D.E. 18.  For purposes of this Motion, the following facts are relevant:

Plaintiff enrolled in Hilton's HHonors Program through Hilton's website on or about December 6, 2010. Declaration of Cori Parnes ("Parnes Decl.") (filed concurrently with this Motion under a notice of filing at D.E. 17), ¶ 3.  When enrolling in the HHonors Program, all prospective applicants are required to navigate through a series of registration prompts where they provide certain information, create a password, and agree to the HHonors Terms and Conditions and Hilton's Global Privacy Policy. *Id*.  Specifically, during the process of enrolling, Plaintiff "clicked" a box that stated: "By creating this Hilton HHonors account, you agree to the HHonors Program Terms and Conditions, our Expiration Policy, our Global Privacy Statement." *Id*.  The HHonors Program Terms and Conditions, the Expiration Policy, and the Global Privacy Statement were each hyperlinked and readily accessible and prominently displayed to Plaintiff. *Id*.  The HHonors Terms & Conditions provided, in pertinent part, as follows:

---

Improper Venue and/or to Transfer Venue, or Alternatively, to Strike Class Allegations (D.E. 17).

> **The Hilton HHonors Program Terms and Conditions are governed by and are to be construed under the laws of the State of New York, U.S.A.**, without giving effect to any choice of law of conflict of law rules or provisions that would cause the application of any other state laws. **Claims may not be resolved through any form of class action. By participating in the HHonors Program, Members consent that venue for all suits will be in the Eastern District of Virginia or, if there's no federal jurisdiction, venue will be in Fairfax County, Virginia.**

Parnes Decl., ¶ 3, Exh. A at ¶ 2 (emphasis added).

When Plaintiff enrolled in the HHonors Program, she necessarily agreed to be bound by the HHonors Terms and Conditions, which mandates that this lawsuit be resolved by a court in District Court in Virginia and precludes maintenance of a class action.

### III. ARGUMENT

#### A. This Case Should Be Dismissed For Improper Venue Because The Parties Are Bound By Their Forum Selection Clause.

A motion to dismiss premised upon a choice of forum clause is properly brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). On a motion to dismiss based on improper venue, the Plaintiff has the burden of showing that venue in the forum is proper. *See Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004).

It is well settled that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated. *See M/S Breman v. Zapota Off-Shore Co.*, 407 U.S. 1, 12-14 (1972). Forum selection clauses are presumed valid and "should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching." *BP Products North America, Inc. v. Super Stop 79, Inc.*, 464 F.Supp.1253, 1256 (S.D. Fla. 2006). Forum selection clauses found in form or adhesion contracts are similarly valid and enforceable. *See, e.g., Carnival Cruise Lines,*

*Inc. v. Shute*, 499 U.S. 585 (1991) (forum selection clause in adhesion contract is not unreasonable, especially where the defendant has a special interest in limiting the fora in which it potentially could be subject to suit).

By enrolling in the HHonors Program and by clicking the box agreeing to the HHonors Terms and Conditions, Plaintiff agreed to the forum selection clause stated therein. *See Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) ("In Florida and the federal circuits . . . clickwrap agreements are valid and enforceable contracts.") (citing *Salco Distributors, LLC v. iCode, Inc.*, 2006 WL 449156, at *2 (M.D. Fla. 2006)).

Forum selection clauses like the one at bar have been repeatedly and consistently upheld and enforced. In *Carnival Cruise Lines*, the Supreme Court upheld a forum-selection clause on the back of a cruise ticket purchased by a consumer who was later injured aboard the vessel. 499 U.S. 585.  The Supreme Court rejected the lower court's finding that the plaintiffs were "physically and financially incapable of pursuing [their] litigation in Florida." *Id*. at 594, 111 S.Ct. 1522.  The Court rejected the lower court's "determination that a non-negotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining," and found that the plaintiffs had not met the "heavy burden of proof required to set aside the clause on grounds of inconvenience." *Id*. at 593, 595, 111 S.Ct. 1522 (internal citation omitted).

The Supreme Court further explained that forum selection clauses "are subject to judicial scrutiny for fundamental fairness." *Id*. at 594, 111 S.Ct. 1522.  A forum-selection clause can only be invalidated on a showing of a "bad faith motive" where the forum was chosen "as a means of discouraging [parties] from pursuing legitimate claims." *Id*. at 595, 111 S.Ct. 1522.  After noting that Florida was the principal place of business for the cruise line and that many cruises departed

4

from that location, the Court concluded that there was no evidence of a bad-faith motive.

Similarly, in *Segal*, 763 F. Supp. 2d at 1369, the court upheld a forum selection clause nearly identical to the one at bar. There, individuals who had signed up to sell on Amazon's online marketplace brought suit alleging that Amazon had improperly refused to disburse funds to them and blocked their listings. *Id*. The sellers had entered into a "Participation Agreement," via a click-through or "click-wrap" agreement, which terms were included via hyperlink. The court upheld and enforced the Participation Agreement's forum selection clause, noting that "[t]he Plaintiffs' admitted failure to read the Participation Agreement does not excuse compliance with its terms." *Id*.

Plaintiff does not contend in her Complaint that Hilton's HHonors Terms and Conditions or its forum selection clause are unenforceable, but should she choose to make that argument in opposition to this Motion, the burden will be on Plaintiff to show unenforceability, and the burden is a heavy one. *See, e.g. M/S Bremen v*, 407 U.S. at 10 (internal quotation omitted) (listing factors a plaintiff must overcome to invalidate a forum selection clause); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26, 108 S. Ct. 2239, 2242, 101 L. Ed. 2d 22 (1988) (Kennedy, J., concurring) ("[A] valid forum selection clause is given controlling weight in all but the most exceptional cases"); *Mitsui & Co (USA) v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) ("The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court"). Courts around the country have held that nearly identical forum selection clauses in nearly identical "clickwrap" agreements are valid and enforceable. *See, e.g., Tricome v. Ebay, Inc.*, 2009 WL 3365873, at *2-3 (E.D. Pa. Oct. 19, 2009); *Novak v. Overture Servs., Inc.*, 309 F.Supp.2d 446, 451 (E.D.N.Y. 2004); *Person v.*

*Google*, 457 F.Supp.2d 488, 493 (S.D.N.Y. 2006); *Universal Grading Service v. eBay, Inc.*, 2009 WL 2029796, at *11 (E.D.N.Y. June 10, 2009) (enforcing forum selection clause in clickwrap agreement); *Feldman v. Google*, 2007 WL 966011, at *16 (E.D. Pa. March 29, 2007) (same); *Appliance Zone, LLC v. Nextag, Inc.*, 2009 WL 5200572, *4 (S.D. Ind. Dec. 22, 2009) (same).

Plaintiff will not be deprived of her day in court if she has to re-file this case in Virginia, and the forum selection clause does not violate public policy. In fact, enforcing the parties' chosen forum supports the Florida public policies protecting freedom of contract and enforcement of contractual obligations. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (recognizing strong public policy favoring enforcement of contractual obligations); *Walls v. Quick & Reilly, Inc.*, 824 So.2d 1016, 1018 (Fla. 5th DCA 2002) (recognizing Florida's strong public policy protecting freedom of contract). For these reasons, the Court should dismiss this action under Fed.R.Civ.P. 12(b)(3).

### B. Alternatively, This Case Should Be Transferred To The Eastern District of Virginia.

If the Court decides that dismissal is not warranted, this case should be transferred to the United States District Court for the Eastern District of Virginia. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Windmere Corp. v. Remington Prod.*, 617 F.Supp. 8, 10 (S.D. Fla. 1985). Under a Section 1404(a) analysis, a choice of forum clause is "'a significant factor that figures centrally in the district court's calculus.'" *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir.2003) quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988). "[W]hile other factors might conceivably militate against a transfer . . . the

venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Id*. (citation omitted). "By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *Id*. Under federal law, forum-selection clauses are "prima facie valid" and will be enforced unless shown to be "unreasonable under the circumstances." *Bremen*, 407 U.S. at 10. Here, the parties entered into a clear and unambiguous forum-selection clause designating Virginia as the exclusive forum for disputes between them. In the interest of justice, this Court should enforce the parties' previously established choice of forum.[2]

If this action is not dismissed for improper venue, the Court should transfer this case to the Eastern District of Virginia because Plaintiff, a registered HHonors member, assented to the forum selection and choice of law provisions contained in the HHonors Terms and Conditions.

### C. The Class Action Waiver Clause of the HHonors Terms and Conditions Should Be Enforced.

Like the forum selection clause, the class action waiver clause in paragraph 2 of the HHonors Terms and Conditions should be given effect, and Plaintiff's class allegations

---

[2]  In deciding whether to transfer a case, the Court must weigh several factors, including convenience, cost, judicial economy, and the expedition of discovery and trial processes. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). A forum-selection clause, however, is "a significant factor that figures centrally in the District Court's calculus." *Stewart Org.*, 487 U.S., at 29. Indeed, "the Eleventh Circuit gives **nearly conclusive** weight to such a clause in deciding a § 1404(a) transfer motion." *Gen. Pump & Well, Inc. v. Laibe Supply Corp.*, 2007 WL 4592103, *4 (S.D. Ga. Dec. 28, 2007) (emphasis added) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)), and also stating that "while other factors might 'conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors"); s*ee also P&S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). And, as discussed in the preceding section above, courts in this District and throughout the Eleventh Circuit recognize that parties opposing enforcement of a forum selection clause bear a heavy burden. To the extent Plaintiff argues in opposition that the 1404(a) factors militate against transfer, Hilton reserves the right to reply.

(Complaint, ¶¶ 35-47), and her requests for classwide relief should be stricken. Plaintiff entered into a valid contract by enrolling in the HHonors Program, and thereby manifested her assent to the class action waiver clause in the HHonors Terms and Conditions. *See Segal*, 763 F. Supp. at 1369 (holding "Click-wrap" or "Click-through" agreements enforceable under Florida law).

Hilton anticipates that Plaintiff might challenge the class action waiver clause on the grounds of unconscionability and perhaps void as violating public policy. No public policy concerns exist here that would justify voiding the class action waiver clause. "Florida courts enforce contractual choice-of-law provisions unless enforcing the chosen forum's law would contravene strong Florida public policy." *Lamb v. Lamb*, 154 So. 3d 465, 467 (Fla. Dist. Ct. App. 2015). Under Florida law, a contractual provision that defeats the purpose of a remedial statute violates public policy and is thus unenforceable. *Lacey v. Healthcare & Ret. Corp. of Am.*, 918 So.2d 333, 334 (Fla. 4th DCA 2005); *see also Shotts v. OP Winter Haven, Inc.*, 86 So.3d 456, 474 (Fla. 2011); *Gessa v. Manor Care of Fla., Inc.*, 86 So.3d 484, 492–93 (Fla. 2011). Plaintiff could only maintain this argument if a class action were the only method by which her TCPA claims could be vindicated. On the contrary, the drafters of the TCPA explicitly indicated that such claims were appropriately resolved on an individual basis in small claims court. *See, e.g., Murphey v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000) (abrogated on other grounds by *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740 (2012)) (TCPA claims should be treated as "small claims best resolved in state courts"); *Smith v. Microsoft*, 7 F.R.D. 464, 472 (S.D. Cal. 2014) ("In light of the Court's concerns, the Court finds that a class action is not the best vehicle for the resolution of this suit. Only the nonexistence of related lawsuits favors certification, and the Court believes this factor to be a weak one. On the other hand, the Court has overwhelming concerns about the impossibility of procuring necessary evidence and the manageability of this

suit. The Court therefore finds that Plaintiff has failed to satisfy the superiority requirement, rendering certification of the proposed class inappropriate."); *Freedman v. Advanced Wireless Cellular Commc'ns., Inc.*, No. SOM-L-611-02, 2005 WL 2122304, at *2 (N.J. Super. Ct. June 24, 2005) (vacating TCPA class certification, noting significant legislative history evidencing that class actions were not intended under the TCPA); *Levine v. 9 Net Ave.*, Inc., No. A-1107-00T1, 2001 WL 34013297, at *1 (N.J. Super. App. Div. June 7, 2001) ("The drafters [of the TCPA] recognized that damages from a single violation would ordinarily amount only to a few pennies worth of ink and paper usage, and so believed that the $500 minimum damage award would be sufficient to motivate private redress of a consumer's grievance through a relatively simple small claims court proceeding, without an attorney."); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995) (the TCPA is designed to provide adequate incentive for an individual plaintiff to bring suit - "[a] class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements.").

Likewise here, enforcement of the class action waiver clause Plaintiff agreed to will not deprive her of her day in court and will not in any way defeat the purpose of the TCPA. Indeed, Plaintiff will be able to maintain her claims on an individual basis in small claims court or in state court, fora where her lack of Article III standing would not matter. Thus, under Florida law, both the choice of law and class action waiver provisions of the HHonors Terms and Conditions should be given effect.

Under New York law, in turn, the class action waiver provision is enforceable. *See, e.g.*, *Ranieri v. Bell Atlantic Mobile*, 304 A.D.2d 353, 354, 759 N.Y.S.2d 448, 449 (2003) (rejecting claim that class action waiver is unconscionable based on strong public policy favoring

9

arbitration and "absence of a commensurate policy favoring class actions"); *Tsadilas v. Providian Nat. Bank*, 13 A.D.3d 190, 191, 786 N.Y.S.2d 478, 480 (2004) ("The arbitration provision is enforceable even though it waives plaintiff's right to bring a class action."); *Hayes v. Cty. Bank*, 26 A.D.3d 465, 467, 811 N.Y.S.2d 741, 743 (2006) (the fact that the arbitration agreements effectively preclude her from pursuing a class action does not alone render them substantively unconscionable); *Bar-Ayal v. Time Warner Cable Inc.*, No. 03 CV 9905 KMW, 2006 WL 2990032, at *11 (S.D.N.Y. Oct. 16, 2006) (holding arbitration agreement in click-wrap computer software contract enforceable); *Harris v. Shearson Hayden Stone, Inc.*, 82 A.D.2d 87 (1st Dep't 1981), aff'd 56 N.Y.2d 627 (1982) (brokerage customers must arbitrate on an individual basis); *see also Cap Gemini Ernst & Young U.S. LLC v. Nackel*, No. 02 CVI 6872 (DLC), 2004 WL 569554 (S.D.N.Y. March 23, 2004), aff'd 98 Fed. Appx. 65 (2d Cir. 2004) (employee claims ordered arbitrated on an individual basis); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 665 n. 7 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999) (employment discrimination plaintiff claims "must be pursued in non-class arbitration").

**IV.   Conclusion**

For all of the foregoing reasons, Hilton respectfully requests that the Court dismiss this action for improper venue and/or transfer venue to the Eastern District of Virginia, or alternatively, strike the class allegations of the Complaint.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), on June 28, 2016, counsel for Hilton, Sandra J. Millor and David B. Farkas, conferred with Plaintiff's counsel, Tim J. Sostrin via telephone call, regarding the relief requested herein.  Mr. Sostrin advised that Plaintiff opposes the relief requested herein.

## LOCAL RULE 3.1(j) REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 3.1(j), Middle District of Florida, Defendant requests oral argument on this Motion and estimates the time required for both sides to make their presentation to be one (1) hour.

Respectfully submitted,

/s/ Sandra J. Millor
Lawrence D. Silverman
Florida Bar No. 7160
Sandra J. Millor
Florida Bar No. 13742
Akerman LLP
Three Brickell City Centre
98 Southeast 7th Street, Suite 1100
Miami, Florida 33131
Tel.: 305.374.5600
Fax: 305.995.6949
E-mail: lawrence.silverman@akerman.com
E-mail: sandra.millor@akerman.com

- and -

Angela C. Agrusa
(pro hac vice pending)
Liner LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Tel. (310) 500-3500
Fax (310) 500-3501
E-mail: aagrusa@linerlaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on this 28th day of June, 2016.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

        /s/ Sandra J. Millor
        Attorney

**SERVICE LIST**

William Peerce Howard
 billy@theconsumerprotectionfirm.com
Amanda J. Allen
 amanda@theconsumerprotectionfirm.com
The Consumer Protection Firm
210-A South MacDill Ave.
Tampa, Florida 33609
Tel.: 813.500.1500

Tim J. Sostrin (admitted *pro hac vice*)
 tsostrin@keoghlaw.com
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Tel.: 312.374.3405

12