**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MELANIE GLASSER, individually and on behalf of all others similarly situated**

**Plaintiff,**

**v.** **Case No: 8:16-cv-952-T-27AAS**

**HILTON GRAND VACATIONS COMPANY, LLC.**

**Defendant.**
______________________________/

**ORDER**

**BEFORE THE COURT** is Defendant's Motion to Dismiss Complaint (Dkt. 33), which Plaintiff opposes (Dkt. 40). Upon consideration, the Motion (Dkt. 33) is **DENIED**.

**Background**

Plaintiff alleges that in February 2016 Defendant, Hilton Grand Vacations Company, LLC used an automated dialing system to place automated or prerecorded telemarketing calls to her cellular telephone to encourage the purchase of its promotional vacation packages and timeshares without express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (Dkt. 1 ¶ 13). She alleges that the calls invaded her privacy by wasting her time and that the calls diminished the battery life on her cellular telephone. (*Id.* ¶ 18). She alleges she is charged by her wireless carrier for receiving incoming calls. (*Id.*). She brings this action on behalf of herself and all others similarly situated, seeking injunctive relief, actual damages, statutory damages, attorney's fees and costs, and certification as a class action.

Hilton Vacations moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(3), and alternatively moves to transfer pursuant to 28 U.S.C. § 1404(a). Hilton Vacations argues Plaintiff lacks Article III standing for failing to allege a concrete injury. Further, it contends that because Plaintiff entered into an agreement with Hilton HHonors Worldwide, L.L.C ("Hilton HHonors") to become a member of the HHonors Program, she consented to the calls. Alternatively, and based on the same agreement, Hilton Vacations contends that this case should be transferred to the Eastern District of Virginia and the class allegations struck.

Plaintiff counters that she sufficiently alleges concrete and particularized injuries and whether she consented to the calls is an affirmative defense, not a question of standing. In opposition to the motion to transfer, she argues that Hilton Vacations has failed to establish an agreement between herself and Hilton Vacations, and alternatively, that her claims are outside the scope of the agreement.

**Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) It is "not a judgment on the merits" and is done either by facial or factual attack. *Id.* at 1232 (citations omitted). A facial attack requires examination of the pleadings, while a factual attack permits inquiry into extrinsic material such as affidavits or testimony. *Id.* at 1232-33.

A motion to dismiss for improper venue pursuant to Rule 12(b)(3) is generally governed by 28 U.S.C. § 1391. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013). If a case falls within § 1391(b), then venue is proper. *Id.* "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a

case falls into one of the categories of cases listed in § 1391(b)." *Id.*

**Discussion**

***Standing***

Hilton Vacations contends that Plaintiff lacks standing on two grounds: 1) she fails to plead an actual injury and (2) she consented to the calls. Plaintiff counters that she has sufficiently alleged a concrete injury and that Hilton Vacations improperly raises the affirmative defense of consent as a jurisdictional question.

The TCPA was enacted by Congress in response to evidence "that automated or prerecorded calls are a nuisance and an invasion of privacy." *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1117 (11th Cir. 2014) (quoting TCPA §2(9), (13), 105 Stat. at 2394, 2395). The TCPA prohibits any person from "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A). "To state the obvious, auto-dialed calls negatively affect residential privacy regardless of whether the called party pays for the call." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1258 (11th Cir. 2014)

Prior express consent is an affirmative defense under the TCPA. *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).[1] And whether Plaintiff consented to the calls

[1] *See also Connelly v. Hilton Grand Vacations Co., LLC*, No. 12-cv-599-JLS-KSC, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012) ("Whether Plaintiffs gave the required prior express consent is an affirmative defense to be raised and proved by a TCPA defendant, however, and is not an element of Plaintiffs' TCPA claim.").

goes to the merits of her claim, not whether jurisdiction is proper.[2] *Murphy*, 797 F.3d at 1305; *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115 (11th Cir. 2014) (granting summary judgment in favor of the defendant based on the prior express consent defense).

Plaintiff alleges that she received unauthorized automated calls to her cellular telephone, that her privacy was invaded, that her cellular telephone's battery was diminished, and that she was charged to receive incoming calls. (Dkt. 1 ¶¶ 16-18). Unsolicited calls are a "nuisance" and an "invasion of privacy." *See Mais*, 768 F.3d at 1117. Similar to *Palm Beach Golf Center-Boca, Inc. v. Sarris* 781 F.3d 1245 (11th Cir. 2015), in which it was determined that it was unnecessary for the plaintiff to allege that a fax was printed or read to demonstrate standing under the Junk Fax provision of the TCPA, it is unnecessary for Plaintiff to allege that she answered the calls, as Hilton Vacations argues.[3] Plaintiff has sufficiently alleges a concrete injury that the TCPA is designed to protect. *See Palm Beach*, 781 F.3d at 1251; *Murphy*, 797 F.3d at 1305; *Mais*, 768 F.3d at 1117.

***12(b)(3) Motion to Dismiss due to Forum Selection Clause***

Hilton Vacations moves under Rule 12 (b)(3) to dismiss this case for improper venue, based on a forum selection clause in Plaintiff's HHonors agreement providing for an alternative federal

---

[2]Hilton Vacations relies on two district court TCPA decisions to support dismissing Plaintiff's claims. *See Romero v. Dep't Stores Nat'l Bank*, No. 15-CV-193-CAB-MDD, 2016 WL 4184099, at *6 (S.D. Cal. Aug. 5, 2016); *Stoops v. Wells Fargo Bank, N.A.*, No. 3:15-83, 2016 WL 3566266, at *2 (W.D. Pa. June 24, 2016). These cases are unpersuasive in light of Eleventh Circuit precedent. *See Palm Beach*, 781 F.3d at 1251; *Murphy*, 797 F.3d at 1305; *Mais*, 768 F.3d at 1117.

[3]In *Palm Beach*, the Eleventh Circuit held that a fax recipient had Article III standing under the Junk Fax provision of the TCPA sufficient to satisfy the injury requirement where the plaintiff's telephone line and fax machine were occupied for the "period of time required for the electronic transmission of the data." 781 F.3d at 1251. *Palm Beach* recognized that the specific injury targeted under the Junk Fax provision was "the sending of the fax and resulting occupation of the recipient's telephone line and fax machine, not that the fax was actually printed or read." *Id.* at 1250.

venue.[4] However, a forum-selection clause that provides for another federal venue does not render venue improper. *Atl. Marine Const. Co.*, 134 S. Ct. at 574 ("a forum-selection clause does not render venue in a court "wrong" or "improper" under § 1406(a) or Rule 12(b)(3)"). Because Hilton Vacations relies only on a forum-selection clause providing for an alternative federal venue for its contention that venue is improper, this case will not be dismissed.

***Transfer to the Eastern District of Virginia***

Alternatively, Hilton Vacations moves to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) based on the same forum-selection clause. In support, Hilton Vacations submits the affidavit of an employee, the "Hilton HHonors® Terms & Conditions 2010" ("HHonors 2010 Terms"), and the "HHonors Terms & Conditions" effective March 28, 2013 ("HHonors 2013 Terms"). Plaintiff counters that Hilton Vacations has not shown a valid agreement between the parties.

Section 1404(a) provides that "a district court may transfer any civil action to any other district . . . to which all parties have consented." 28 U.S.C. § 1404. A contract with a forum selection clause is enforceable in federal courts and its validity is "determined under the usual rules governing the enforcement of contracts in general."[5] *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "Under general contract principles, the plain meaning of a contract's language governs its interpretation." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330

---

[4] While Plaintiff avers that she did not enter into an agreement with Hilton Vacations, she does not contest that she is a member of HHonors. (Glasser Aff., Dkt. 40-2).

[5]Generally, a number of factors, including a forum selection clause, are considered in a § 1404(a) motion to transfer. *See, e.g., P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). However, Plaintiff agrees that if this action is governed by the forum selection clause, transfer of venue would be proper under § 1404(a). (Dkt. 40 at 18).

(11th Cir. 2011) (citing *Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n. 11 (11th Cir. 2008)). "The court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement." *Id.* (citing *Pennzoil Co. v. F.E.R.C.*, 645 F.2d 360, 388 (5th Cir.1981)). "[I]t is incumbent on our courts to examine not only the face of the contract, but to look beyond it to other facts which would indicate who were the parties to the contract." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970).[6]

Hilton Vacations relies on two definitions of Hilton HHonors in support of its contention that Plaintiff is bound by the forum selection clause:

> (1) the **HHonors 2010 Terms** defining **Hilton HHonors** as "**Hilton Worldwide, Inc.**, its subsidiaries and affiliates[.]" and
>
> (2) the **HHonors 2013 Terms** describing **Hilton HHonors** as a wholly owned subsidiary of **Hilton HHonors Worldwide, Inc.** and defining Hilton HHonors as **"Hilton HHonors Worldwide, L.L.C**, its subsidiaries, affiliates . . . ."

(Dkts. 33-3, 33-4) (emphasis added).[7]

The 2013 Terms describe Hilton HHonors as a wholly owned subsidiary of Hilton HHonors Worldwide, Inc. (Dkt. 33-4 at 2-3).[8] Regardless, Hilton Vacations offers no evidence, nor does it argue, that Plaintiff is bound in this case by a forum selection clause in her agreement with Hilton

---

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding all Fifth Circuit precedent prior to October 1, 1981.

[7] To the extent Hilton Vacations relies on the 2010 Terms, the 2013 Terms supersede the HHonors 2010 Terms. (Dkt. 33-4) (*"**Effective Date: March 28, 2013. The following supersedes all prior Terms & Conditions**"*) (emphasis in original). Therefore, reliance on the 2010 definition of Hilton HHonors is misplaced.

[8]Hilton Vacations does not provide any evidentiary support for its statement that it is a subsidiary of Park Hotels & Resorts, Inc. f/k/a Hilton Worldwide, Inc or that Hilton Worldwide, Inc. is now known as Park Hotels & Resorts, Inc. (Dkt. 33 at 4).

HHonors merely because it and Hilton HHonors are subsidiaries of two different corporations, Hilton Worldwide Inc. and Hilton HHonors Worldwide, Inc. In sum, Hilton Vacations fails to show that it entered an agreement with Plaintiff that includes a valid forum selection clause.[9] *See P & S Bus. Machines, Inc.*, 331 F.3d at 807; *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327.

**Conclusion**

Accordingly, Defendant Hilton Grand Vacations Company, LLC's Motion to Dismiss Complaint (Dkt. 33) is **DENIED**.

**DONE AND ORDERED** this 3rd day of January, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

[9]Because Hilton Vacations has not shown a valid agreement between the parties, Plaintiff's argument that her claims are outside the scope of the agreement and Hilton Vacations' argument that the class allegations should be struck are moot.