# EXHIBIT A

MATHEWS LAW GROUP
CHARLES T. MATHEWS (SBN 55889)
GEORGE S. AZADIAN (SBN 253342)
ZACK I. DOMB (SBN 265185)
2596 Mission Street, Suite 204
San Marino, California 91108
Ph.:      (626) 683-8291
Fax:     (626) 683-8295
Email: George@mathewslawgroup.com

FILED
ORIGINAL: 53
12 MAR -9 AM 10: 53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

Attorneys for Plaintiffs
BRIAN CONNELLY, MARY ALICIA SIKES, and KEITH MERRITT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**BRIAN CONNELLY, MARY ALICIA SIKES, and KEITH MERRITT on behalf of themselves and all others similarly situated,**

Plaintiffs,

v.

**HILTON GRAND VACATIONS COMPANY, LLC**

Defendant.

CASE NO. **12CV0599 W- KSC**

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

**CLASS ACTION**

**JURY TRIAL DEMANDED**

Brian Connelly, Mary Alicia Sikes, and Keith Merritt ("Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of counsel, and on information and belief as follows:

## INTRODUCTION AND NATURE OF ACTION

1.      Plaintiffs bring this action for statutory damages, injunctive relief and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Hilton Grand Vacations Company, LLC, ("Hilton Grand Vacations") in negligently and/or willfully placing calls to Plaintiffs on their cellular telephones without their prior express consent and not for emergency purposes (sometimes referred to herein as "Prohibited Calls"), in violation of the

-1-

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2.    In 1991, Congress enacted the TCPA in an effort to combat the invasion of privacy faced by everyday Americans who received unwanted calls. In relevant part, the TCPA prohibits the use of an automatic telephone dialing system to call any telephone number assigned to a cellular telephone service absent an emergency purpose or the "prior express consent" of the called party. The Federal Communication Commission ("FCC"), the agency empowered to implement the TCPA, mandates that the burden will be on the caller to show it obtained the necessary prior express consent.[1]

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under the Class Action Fairness Act of 2005 because Plaintiffs seek up to $1,500 in statutory damages for each of the hundreds of calls that were placed to their cellular phones in violation of the TCPA, which, when aggregated among a proposed class, numbering in the tens of thousands, easily exceeds $5,000,000. Additionally, Plaintiff Connelly is a citizen of California, while Defendant Hilton Grand Vacations Company, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. Finally, Plaintiffs seek to represent numerous class members, who are citizens of various other States.

4.    Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff Connelly's claims against Hilton Grand Vacations occurred within the State of California and San Diego County.

---

[1] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, at ¶ 10 (2008); see also Gutierrez v. Barclays Group, No. 10-cv-1012-DMS (BGS), 2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011) (placing the burden on the caller to establish prior express consent).

-2-
CLASS ACTION COMPLAINT FOR DAMAGES

## PARTIES

5.      Plaintiff Connelly is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of San Diego County. Plaintiff Connelly is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6.      Plaintiff Sikes is, and at all times mentioned herein was, an individual citizen of the State of Pennsylvania, and resident of Bucks County. Plaintiff Sikes is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff Merritt is, and at all times mentioned herein was, an individual citizen of the State of New York, and resident of Onondaga County. Plaintiff Merritt is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant Hilton Grand Vacations Company, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. Defendant Hilton Grand Vacations Company, LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## PLAINTIFFS' FACTUAL ALLEGATIONS

9.      Starting in approximately January 2012, Plaintiff Connelly has received numerous unsolicited calls from Hilton Grand Vacations to his cellular phone (858-XXX-8039). The calls to Plaintiff Connelly were placed by Hilton Grand Vacations from 702-699-7902. However, Hilton Grand Vacation uses numerous numbers to place such telemarketing calls.

10.     Starting in approximately January 2012, Plaintiff Sikes has received numerous unsolicited calls from Hilton Grand Vacations to her cellular phone (314-XXX-5278). The calls to Plaintiff Sikes were placed by Hilton Grand Vacations from 407-722-3517. However, Hilton Grand Vacations uses numerous numbers to place such telemarketing calls.

11.     Starting in approximately December 2011, Plaintiff Merritt has received numerous unsolicited calls from Hilton Grand Vacations to his cellular phone (315-XXX-4635).

**CLASS ACTION COMPLAINT FOR DAMAGES**

The calls to Plaintiff Merritt were placed by Hilton Grand Vacations from 407-722-3517. However, Hilton Grand Vacations uses numerous numbers to place such telemarketing calls.

12.     Plaintiffs have incurred charges for these calls and the FCC has made clear that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."[2].

13.     During these calls Hilton Grand Vacations used an "automatic telephone dialing" as prohibited by 47 U.S.C. § 227(b)(1)(A). The calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone), indicating that Hilton Grand Vacations placed the calls using an automatic telephone dialing system. On information and belief and investigation of counsel, the equipment used by Hilton Grand Vacations to place such calls had the capacity to store or produce telephone numbers and to dial such numbers without any human intervention.

14.     These calls were for the purpose of telemarketing timeshare vacations or hotel accommodations and were not for emergency purposes as set forth in 47 U.S.C. § 227(b)(1)(A).

15.     Plaintiffs did not provide "prior express consent" to receive the calls on their cellular telephones as set forth in 47 U.S.C. § 227(b)(1)(A). Express consent is "[c]onsent that is clearly and unmistakably stated."[3] Plaintiffs never provided their cell phone numbers to Hilton Grand Vacations and did not otherwise provide consent to receive calls from Hilton Grand Vacations. Moreover, Plaintiffs never consented to receive calls from Hilton Grand Vacations through equipment that had the capacity to store or produce telephone numbers to be dialed without any human intervention.

16.     These Prohibited Calls placed by Hilton Grand Vacations were in violation of 47 U.S.C. § 227(b)(1).

---

[2] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, at ¶ 7 (2008).
[3] Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 955 (9th Cir. 2009).

**CLASS ACTION COMPLAINT FOR DAMAGES**

## CLASS ACTION ALLEGATIONS

17.     Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated (the "Class"), as follows:

> **All persons within the United States to whom Hilton Grand Vacations**
> **has placed a call to said persons' cellular telephone (without their**
> **prior express consent and not for emergency purposes) through the**
> **use of an automatic telephone dialing system, within the four years**
> **prior to the filing of this Complaint.**

18.     Hilton Grand Vacations, their employees and other agents, the Judge to whom this action is assigned and any members of the Judge's staff, and claims for personal injury and/or emotional distress are excluded from the Class. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

19.     Plaintiffs do not know the number of members in the Class but believe, based on Hilton Grand Vacations' market share and investigation of counsel, that the number is in the tens of thousands, if not substantially higher. Thus, joinder of all Class members is impractical due to the size and relatively small value of each member's claim.

20.     Indeed, the Internet is replete with discussions between numerous members of the Class — all desperate to end Hilton Grand Vacations' unsolicited calls. The following is a sampling, evidencing Hilton Grand Vacations' egregious violations of the TCPA, the invasion of privacy suffered by members of the Class, the numerosity of the class, the commonality of the issues and the typicality of Plaintiffs as a class representatives:

Jim

4 Apr 2007

Extremely rude and aggressive Hilton employee called me on my cell phone trying to sell me a Vegas vacation and time share. I called Hilton and had them take me off their

-5-

solicitation list.

http://800notes.com/Phone.aspx/1-702-616-7394

Tracker

6 Apr 2009

Repeated calls to my work mobile number over the last 2 weeks. This is disturbing to me as a Hilton Gold member since I already specifically requested TWICE to be on their Hilton Grand Vacations Do Not Call list, and Hilton confirmed it...and then chose to reverse my request. A while back, they were calling me from FL number 407-532-3791. In May 2008, it was from 407-722-3532. Now, the calls are coming from this new Las Vegas area number.

http://800notes.com/Phone.aspx/1-702-616-7396/22

Dallas

11 Feb 2009

Receiving multiple calls daily! Finally, answered today only to receive silence. Call 702-616-7396 and received a Hilton Grand Vacations message allowing me to press 2 to remove my phone number from the list. Courteous individual took my call, asked for my phone number, and provided me with a confirmation #. Said it would take up to 72 hours to removed and apologized. When asked why there was silence on the phone today, he honestly stated that the calls are computer generated and, at times, when one answers, it may not go through to an agent. I do have a Hilton Honors accounts so perhaps this is why they have my number.

http://800notes.com/Phone.aspx/1-702-616-7396/21

sg

14 Sep 2009

I, too, got a call on my cell phone from Hilton Grand Vacations, purportedly a wrong number for someone I've never heard of. This has happened to me before: "Well, sorry to

-6-

bother you, but since I have you on the line, would you be interested ... ?" etc.

http://800notes.com/Phone.aspx/1-702-699-7904/4

Terence

9 Aug 2010

Called on my cell phone, kept asking me to buy vacations. very persistent, won't take no

for an answer. Reported to National do not call register

http://800notes.com/Phone.aspx/1-702-699-7924

RTC

26 Aug 2010

Missed several calls on my cell from this number while on vacation, never left a message.

Finally picked up today while driving home. Very persistent telemarketer offering "free

trip to Vegas."

http://800notes.com/Phone.aspx/1-702-699-7924/2

suzanne

20 Sep 2010

Got a call today on my "new" cell phone! Asked for someone other that me. I told them

they had the wrong number and she proceeded to tell me about a vacation something or

other. I again told her she had the wrong number and she said "Well, aybe you would be

interested". I told her NO I was not and to remove me from her calling list. HOPE SHE

DOES NOT CALL BACK! My phone calls are NOT FREE or unlimited!

http://800notes.com/Phone.aspx/1-702-699-7926/2

M&T

20 Jan 2011

I just received a call on my cell phone. They are from Hilton Hotels trying to sell a

package vacation to stay in Las Vegas. Basically trying to push a timeshare.

http://800notes.com/Phone.aspx/1-702-699-7929/5

**CLASS ACTION COMPLAINT FOR DAMAGES**

21.     The members of the Class share well defined, nearly identical, questions of law and fact, which predominate over questions that may affect individual members of the Class. These common questions of law and fact include:

    a.     Whether, within the four years prior to the filing of this Complaint, Hilton Grand Vacations has placed any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b.     Whether Hilton Grand Vacations' conduct was a negligent violation of the TCPA.

    c.     Whether Hilton Grand Vacations' conduct was knowing and/or willful violation of the TCPA.

    d.     Whether Hilton Grand Vacations can meet their burden of proving that they obtained prior express consent for such calls to members of the Class.

    e.     Whether Hilton Grand Vacations should be enjoined from placing such calls in the future.

22.     The Class is ascertainable and can be identified through Hilton Grand Vacations' records.

23.     Plaintiffs and members of the Class are entitled to statutory damages as provided for under the TCPA.

24.     As persons that received numerous calls using an automatic telephone dialing system from Hilton Grand Vacations, Plaintiffs are asserting claims that are typical of the Class.

25.     Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

26.     Plaintiffs and the members of the Class have all suffered harm as a result of Hilton Grand Vacations' unlawful and wrongful conduct. Absent a class action, members of the Class will continue to face the potential for irreparable harm. In addition, these violations of law

**CLASS ACTION COMPLAINT FOR DAMAGES**

will be allowed to proceed without remedy and Hilton Grand Vacations will likely continue such illegal conduct. Class-wide damages are essential to induce Hilton Grand Vacations to comply with federal law.

27.     Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

28.     Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

29.     A class action is a superior method for the fair and efficient adjudication of this controversy.

30.     Hilton Grand Vacations has acted on grounds generally applicable to the Class and evidence of Hilton Grand Vacations' TCPA violations can be determined on a class-wide basis.

## FIRST CLAIM

## (NEGLIGENT VIOLATIONS OF THE TCPA)

31.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The forgoing acts and omissions of Hilton Grand Vacations constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

33.     As a result of Hilton Grand Vacations' negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and each of the members of the Class are entitled to statutory damages of $500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34.     Plaintiffs and the members of the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## SECOND CLAIM

### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA)

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Hilton Grand Vacations constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result Hilton Grand Vacations' knowing and/or willful violations of 47 U.S.C § 227 et seq., Plaintiffs and each of the members of the Class are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiffs and the members of the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

39. WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and the members of the Class the following relief against Hilton Grand Vacations:

a. An Order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed Class and appointing Plaintiffs' undersigned counsel of record to represent the Class.

b. An Order issuing an injunction, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Hilton Grand Vacations from placing any further Prohibited Calls to members of the Class and complying with the TCPA.

c. As a result of Hilton Grand Vacations' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each member of the Classes $500 in statutory damages, for each and every violation (each Prohibited Call placed), pursuant to 47 U.S.C. § 227(b)(3)(B).

**CLASS ACTION COMPLAINT FOR DAMAGES**

d.     As a result of Hilton Grand Vacations' willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each member of the Class treble damages, as provided by statute, up to $1,500 for each and every violation (each Prohibited Call placed), pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

e.     An award of attorneys' fees and costs to counsel.

f.     Such other relief as the Court deems just and proper.

## TRIAL BY JURY

40.     Plaintiffs demand a jury trial on all claims

MATHEWS LAW GROUP

Dated: March 8, 2012

By: _____
Charles T. Mathews,
Attorney for Plaintiffs
BRIAN CONNELLY, MARY SIKES, KEITH
MERRITT, and the Proposed Class

-11-

**CLASS ACTION COMPLAINT FOR DAMAGES**