# EXHIBIT B

Randall J. Sunshine (SBN 137363)
  rsunshine@linerlaw.com
Angela C. Agrusa (SBN 131337)
  aagrusa@linerlaw.com
Sterling L. Cluff (SBN 267142)
  scluff@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Defendant
HILTON GRAND VACATIONS COMPANY, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CONNELLY, MARY ALICIA SIKES, and KEITH MERRITT on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HILTON GRAND VACATIONS COMPANY, LLC,<br><br>Defendant. | Case No. CV12-0599 JLS (KSC)<br><br>**DEFENDANT'S DESIGNATION OF EXPERT WITNESSES**<br><br>The Hon. Janis L. Sammartino<br><br>Date Action Filed: March 12, 2012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, Defendant Hilton Grand Vacations Company, LLC ("HGV") hereby designates the following expert witnesses who may be used at trial to present evidence under Federal Rules of Evidence 702, 703 and/or 705:

1.     Randall A. Snyder; Wireless Research Services, LLC; 8113 Bay Pines Avenue, Las Vegas, Nevada 89128; (702) 521-7900; $450 per hour. Mr. Snyder is expected to testify concerning telecommunications network and system architecture, engineering, design and technology as well as the fields of wireline and cellular

1  telecommunications networking technology. Mr. Snyder is also expected to testify
2  concerning the practices, systems and equipment used by HGV and has been asked
3  to determine whether the equipment employed by HGV has the capacity to store or
4  produce telephone numbers to be called, using a random or sequential number
5  generator; whether HGV, in fact, used such equipment; whether HGV employed
6  equipment that has the capacity to dial cellular telephone numbers without human
7  intervention; and whether HGV, in fact, dialed cellular telephone numbers without
8  human intervention.

  2. Robert Biggerstaff; P.O. Box 614, Mt. Pleasant, South Carolina 29465; (800) 217-1985; $400 per hour. Mr. Biggerstaff is expected to testify concerning telecommunications network and system architecture, engineering, design and technology as well as the fields of wireline and cellular telecommunications networking technology. Mr. Biggerstaff is also expected to testify concerning the practices, systems and equipment used by HGV and has been asked to determine whether the equipment employed by HGV has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; whether HGV, in fact, used such equipment; whether HGV employed equipment that has the capacity to dial cellular telephone numbers without human intervention; and whether HGV, in fact, dialed cellular telephone numbers without human intervention.

  3. Alan G. Goedde, PhD; Freeman & Mills; 350 S. Figueroa Street, Suite 900, Los Angeles, California 90071; (213) 620-9535; $550 per hour. Dr. Goedde is expected to testify regarding the validity of Plaintiffs' damages claims and may also present an aggregated damages model assuming liability.

  4. Bobby Calder, PhD; Department of Marketing, Kellogg School of Management, Northwestern University, Evanston, Illinois 60208; (847) 491-2715; $450 per hour. Professor Calder is expected to testify regarding consumer behavior and expectations regarding, without limitation, marketing communications including

cellular telephone communications, brand loyalty and participation in loyalty programs, the evolving nature of consumer expectations regarding direct marketing and brand marketing as a result of the proliferation of mobile devices and other changes in technology, and the relationship between consumers and the brands they frequent. Professor Calder is also expected to testify regarding accepted marketing practices and industry standards, brand loyalty and loyalty programs, customer relationship management, and relational versus transactional marketing and their effect on shaping consumer expectations. Professor Calder's testimony is expected to include, but not be limited to, the impact on the relationship between consumers and brands when the consumer provides cellular telephone contact information and the expectations and behavior of consumers in relation to the brands with which they have relationships and are loyal.

Currently pending before this Court is Plaintiffs' Motion for Class Certification. The hearing is currently set for August 1, 2013.

This expert designation is being submitted in compliance with Judge Janice L. Sammartino's Local Rules and the Court's Second Amended Scheduling Order dated April 3, 2013 [Dkt. No. 33] (the "Order"). However, HGV reserves the right to file and serve a supplemental designation and/or reports pursuant to the Court's Order and Fed. R. Civ. P. 26(a)(2)(C) and (D).

The experts identified above can be contacted through counsel and all arrangements for deposition will also occur through counsel and be taken at each respective expert's normal hourly rate.

In addition to the above-stated reservations, HGV further expressly reserves the right to call any expert witness presently or later identified by any other party to this action, although not specifically retained by HGV.

HGV also expressly reserves the right to consult with and retain the services of additional expert witnesses to testify on its behalf at the trial for purpose of impeachment and/or rebuttal.

1  HGV expressly reserves the right to call as experts (1) all individuals
2  identified in depositions in this matter; and (2) any percipient witness who may have
3  expert witness knowledge.
4  If any of the witnesses discussed or listed above are not available at the time
5  of trial, HGV hereby advises all parties that they will seek the introduction of
6  competent former testimony, including, but not limited to, deposition transcripts of
7  such witnesses in lieu of their testimony. Or, in the alternative, HGV reserves the
8  right to seek permission of the Court to call experts who are substitutes for experts
9  on this list who may become unavailable.

Dated: July 12, 2013

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

By: _____
Angela C. Agrusa
Attorneys for Defendant
Hilton Grand Vacations Company, LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On July 12, 2013, I served the within document(s) described as:

### DEFENDANT'S DESIGNATION OF EXPERT WITNESSES

on the interested parties in this action as stated on the attached mailing list.

[X] **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

[ ] **(BY OVERNIGHT DELIVERY)** I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth on the attached mailing list, with fees for overnight delivery paid or provided for.

[ ] **(BY FAX)** By transmitting a true copy of the foregoing document(s) via facsimile transmission from this firm's facsimile machine, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

[X] **(BY E-MAIL)** By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 12, 2013, at Los Angeles, California.

LISA VICTOR
(Type or print name)

(Signature)

1

0041222/010/ 256869v2.1

## SERVICE LIST

## BRIAN CONNELLY v HILTON GRAND VACATIONS COMPANY LLC

### Case No.: USDC CASE NO. CV12-0599-JLS-KSC

### Attorney PLAINTIFF(S)

Charles T. Mathews, Esq.
George S. Azadian, Esq.
Zack I. Domb, Esq.
Mathews Law Group
37 E. Huntington Drive, Suite A
Arcadia, California 91006
Telephone: (626) 683-8291
Facsimile: (626) 8295
*ted@mathewslawgroup.com*
*evelyn@mathewslawgroup.com,*
*george@mathewslawgroup.com,*
*zack@mathewslawgroup.com*

0041222/010/ 256869v2.1