IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Melanie Glasser, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hilton Grand Vacations Company, LLC<br><br>Defendant. | Case No. 8:16-cv-00952-JDW-UAM |

**DECLARATION OF ANGELA C. AGRUSA IN SUPPORT OF HILTON'S MOTION TO DISQUALIFY PLAINTIFF'S EXPERT WITNESS, RANDALL A. SNYDER, AND TO DISQUALIFY PLAINTIFF'S COUNSEL OF RECORD**

I, ANGELA C. AGRUSA, declare as follows:

1. I am a partner at Liner LLP ("Liner"), counsel of record for Defendant Hilton Grand Vacations Company, LLC ("Hilton"), and I am lead counsel for Hilton in this matter. I submit this declaration in support of Hilton's motion to disqualify plaintiff's expert, Randall A. Snyder, and to disqualify plaintiff's counsel of record. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently to such facts under oath.

2. I was, and continue to be, the lead partner managing the litigation defending Hilton in *Connelly et al. v. Hilton Grand Vacations Company, LLC*, Case No. 12-cv-0599 (S.D. Cal. 2012) ("*Connelly*"). During the proceedings before the district court in *Connelly*, I oversaw

and approved the retention of Randall A. Snyder as one of Hilton's consulting, and ultimately testifying, experts in Hilton's defense. Hilton, through Liner, retained Mr. Snyder in August 2012. From August 2012 through the class certification motion that was heard in October 2013, I, along with the attorneys I and my partner Randall J. Sunshine managed, had many extensive communications with Mr. Snyder regarding Hilton's telemarketing practices, its dialing systems and protocols, its efforts to comply with the TCPA, and its legal strategies in defending itself against TCPA lawsuits. Those communications went beyond the subject matter that Mr. Snyder relied upon in putting together his expert report in *Connelly*. They included legal strategy and deposition tactics relating specifically to Hilton's systems, Hilton then-present and prospective plans for remaining in compliance with the TCPA, Hilton's and Liner's legal understandings and interpretations of the TCPA and various FCC Rulings, and the application and potential application of the TCPA and relevant FCC Rulings to Hilton's then-existing and potential dialing systems and protocols. Such communications continued through 2015, including but not limited to Mr. Farkas's July 2015 communications with Mr. Snyder regarding a potential evaluation and analysis of Hilton's then-existing dialing systems and telemarketing protocols and possible changes to those systems and protocols.

   3. On or about March 15, 2017, I first discovered that plaintiff's counsel had retained Mr. Snyder as an expert consulting (and potentially a testifying expert) in this case. I was shocked to learn that plaintiff had retained Mr. Snyder, given that Mr. Snyder continues to be Hilton's designated expert in *Connelly* and given that Hilton and Liner have shared confidential information with Mr. Snyder regarding Hilton's dialing systems, its telemarketing practices, its legal strategies and defenses in defending itself against lawsuits brought against it under the TCPA, its deposition strategies, and its legal work product in tailoring its systems to

comply with the TCPA. I was also shocked and very dismayed that plaintiff's counsel deliberately retained Mr. Snyder knowing, at a minimum, that he was a Hilton-retained expert in identical pending TCPA litigation, yet they made no effort prior to their retention of Mr. Snyder to contact my firm to determine whether Mr. Snyder was in possession of Hilton's confidential information.

4. On March 17, 2017, I sent a letter via-e-mail to counsel for plaintiff, in which I explained that Mr. Snyder is Hilton's retained expert in *Connelly* and that he continued to have confidential communications with Hilton and Liner through 2015, and I requested that plaintiff's counsel immediately withdraw Mr. Snyder and cease any further communications with him, an inquired whether they would voluntarily withdraw as counsel in this matter. Plaintiff's counsel refused all of my requests. Attached hereto as **Exhibit C** is a true and correct copy of my March 17, 2017 letter to plaintiff's counsel and plaintiff's counsels' e-mail responses. To date, plaintiff's counsel has not indicated that they have or will withdraw Mr. Snyder as their expert and/or cease any further communications with him.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 24, 2017, at Los Angeles, California.

> */s/ Angela C. Agrusa*
> ANGELA C. AGRUSA