UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE GLASSER, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                      Case No. 8:16-cv-952-T-27AAS

HILTON GRAND VACATIONS COMPANY,
LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Unopposed Renewed Motion for Leave to File Under Seal an Unredacted Version of Plaintiff's Motion for Class Certification. (Dkt. 72). Plaintiff's previous motion was denied without prejudice for failing to show good cause. (Dkt. 71). Plaintiff's renewed motion contains additional information from the Defendant who claims the redacted information is "Confidential." Indeed, the sole reason Plaintiff seeks to file its motion under seal is to preserve the interest Defendant asserted under the parties' confidentiality agreement. As the true party in interest, Defendant has not shown good cause to file under seal the redacted portions of Plaintiff's Motion. For example, Defendant claims the name of the automatic telephone dialing system, (Dkt. 67 at 1), the number of telemarketing calls, (*id.*), the number of cellular telephone numbers called, (*id.*), the number of calls placed to Plaintiff's cellular telephone, (*id.*), the class definition, (*id.* at 2), what it is, (*id.* at 5), etc. are confidential.[1]

---

[1] It is unnecessary to determine the context of the remaining redactions. Good cause has not been shown to file any redacted portions under seal.

1

As previously stated, the parties' mutual agreement to keep documents confidential or to seal materials is "immaterial" to a court's decision regarding the public's right of access. *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992). The right to file a document under seal does not automatically follow a confidentiality designation during discovery. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (denying renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal, not merely label documents as confidential); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (common law right of access cannot be overcome by "stereotyped and conclusory statements"). And, "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration in original) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Defendant, as the true proponent of the seal, "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305–06 (quoting *Baxter*, 297 F.3d at 548).

Accordingly, Defendant is directed to show good cause why each redacted portion of Plaintiff's Motion for Class Certification should be filed under seal within **ten (10) days**, failing which Plaintiff will be directed to refile her Motion for Class Certification without redactions.

**DONE AND ORDERED** this 26th day of September, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record