UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE GLASSER, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                                  Case No. 8:16-cv-952-T-27AAS

HILTON GRAND VACATIONS
COMPANY, LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Unopposed Renewed Motion for Leave to File Under Seal an Unredacted Version of Plaintiff's Motion for Class Certification (Dkt. 72) and Defendant Hilton Grand Vacations Company, LLC's Unopposed Motion to Seal and Response to the Court's September 26, 2017 Order to Show Good Cause (Dkt. 76). Plaintiff's previous motion was denied without prejudice for failing to show good cause. (Dkt. 71). As the true party in interest, Defendant was directed to show good cause why each redacted portion of Plaintiff's Motion for Class Certification should be filed under seal, failing which Plaintiff would be directed to refile her Motion for Class Certification without redactions. (Dkt. 74).

"The common-law right of access to federal courts is designed to promote public understanding of significant public events, including what a court does and how a court goes about adjudicating cases." *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 70–71 (11th Cir. 2013) (citation omitted). And as the case is here, "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should

1

be applied ... with particular strictness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration in original) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Defendant has failed to show good cause why, at this critical stage of class certification, each redacted portion of Plaintiff's Motion for Class Certification should be filed under seal.

Notably, Defendant fails to explain why it claims the name of the automatic telephone dialing system, the number of telemarketing calls, the number of cellular telephone numbers called, the number of calls placed to Plaintiff's cellular telephone, the class definition, and what it is are confidential or proprietary. (*See* Dkt. 74). Cori Parnes avers, in a conclusory fashion, that "[t]he redacted portions . . . contain[] information that is critical to Hilton's business." (Dkt. 76-1 ¶ 2). However, Defendant fails to explain how the system name, number of calls, etc. are "critical to Hilton's business." Although Defendant was specifically directed to "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations,'" it fails to sufficiently analyze each redaction. *Shane*, 825 F.3d at 305–06 (quoting *Baxter*, 297 F.3d at 548). Its reliance on orders by district judges is unpersuasive.[1] Further, it fails to explain why redacting the personal information of non-party individuals contained in Exhibits 7 and 8 and the payment terms of Exhibit 3 is not sufficient.

Accordingly, Plaintiff's Unopposed Renewed Motion for Leave to File Under Seal an Unredacted Version of Plaintiff's Motion for Class Certification (Dkt. 72) and Defendant Hilton

---

[1] Indeed, it relies on two district court orders in support of sealing Exhibits 2, 4, 5, and 6 of Plaintiff's Motion it describes as internal training documents, a contract for marketing-related software, and an installation guide. Defendant, as the true party in interest, bears the burden of establishing good cause for filing documents under seal. Its conclusory statements fail to establish good cause.

Grand Vacations Company, LLC's Unopposed Motion to Seal and Response to the Court's September 26, 2017 Order to Show Good Cause (Dkt. 76) are **DENIED**. Plaintiff shall refile her Motion for Class Certification **without redactions**, except as follows, within **seven (7) days**.

(1) All names, telephone numbers, and other personal identifying information of third-party individuals shall be redacted.[2]

(2) The payment terms of Defendant's executed contract shall be redacted.

**DONE AND ORDERED** this 15th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] The United States District Court Middle District of Florida Administrative Procedures for Electronic Filing Section IV. D. provides additional guidance regarding redactions.