UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE GLASSER, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                            Case No. 8:16-cv-952-T-27AAS

HILTON GRAND VACATIONS
COMPANY, LLC,

    Defendant.
_____/

**ORDER**

**BEFORE THE COURT** is Defendant's Motion for Bill of Costs (Dkt. 134) and Plaintiff's opposition (Dkt. 136). Plaintiff brought this action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). On September 25, 2018, final judgment was entered in favor of Defendant and against Plaintiff (Dkt. 133). Defendant, as the prevailing party, seeks an award of costs under Federal Rule of Civil Procedure 54, 28 U.S.C. § 1920, and Local Rule 4.18 (M.D. Fla.). Upon consideration, costs are taxed in Defendant's favor in the amount of $8,393.40.

28 U.S.C. § 1920 sets forth the categories of trial expenses recoverable under Rule 54(d). Federal Rule of Civil Procedure 54(d)(1) establishes a presumption that costs are awardable to the prevailing party. *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). However, a court may only tax costs that are authorized by statute. *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Additionally, the costs must have been incurred for services that were necessarily obtained for use in the case. *Id.* at 621.

Many of the costs Defendant seeks are not disputed by Plaintiff and will be awarded. These include the fees for the deposition transcripts of Rian Logan ($1,230.60, Dkt. 135 Ex. 2, at p. 23), Erik Beekman ($1,411.00, *Id.* at p. 24), and Ken Sponsler ($1,712.60, *Id.* at p. 27); and fees associated with certain photocopying ($910.65, *Id.* at Ex. 3).

Plaintiff contends that certain costs associated with the depositions of Randall Snyder and Melanie Glasser should be reduced. (Dkt. 136). Specifically, Plaintiff objects to the $915.60 charge associated with the expedited delivery of Mr. Snyder's deposition transcript, and the $382.00 charge and $412.50 charge for rough drafts of their depositions. (*Id.* at p. 3).

"Where the deposition costs were incurred for the prevailing parties' convenience, such as to aid in thorough preparation or for the purposes of investigation only, the costs are not recoverable." *Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012) (per curiam) (unpublished). Defendant does not provide any basis for why expedited delivery or rough drafts were necessary for use in this case. In the absence of showing these were "necessarily obtained," these costs are not reimbursable under § 1920. *See, e.g., Tampa Bay Water v. HDR Eng'g, Inc.*, No. 08-cv-2446, 2012 WL 5387830, at *19 (M.D. Fla. Nov. 2, 2012).

The parties do not dispute the remainder of costs associated with the depositions of Mr. Snyder or Ms. Glasser. Accordingly, Defendant's request for Mr. Snyder's transcript fees will be awarded, with the exception of expedited delivery and rough draft fees, for a total of $1,793.00 ($3,090.60 in Ex. 2 less the costs sought for expedited delivery and the rough draft). And, Defendant's request for Ms. Glasser's transcript fees will be awarded, with the exception of the rough draft fee, for a total of $1,335.55 ($1,748.05 in Ex. 2 less the cost sough for rough draft).

Accordingly, Defendant's Motion for Bill of Costs is **GRANTED IN PART** as set forth

herein. The **Clerk of Court** is directed to enter judgment in Defendant's favor and against Plaintiff for taxable costs in the amount of $8,393.40.

      **DONE AND ORDERED** this 26th day of October, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record